IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00433-WYD-MEH

R&D FILM 1, LLC,

    Plaintiff,

v.

JOHN DOES 1-66,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on April 10, 2013.**

    Before the Court is a Motion to Quash or Modify Subpoena and Motion to Dismiss [filed April 5, 2013; docket #10] filed by an unidentified Doe Defendant (hereinafter "Doe"). The Court observes a number of procedural and substantive deficiencies with Doe's Motion; therefore, it is **denied without prejudice**.

    First, with respect to Doe's request to quash, none of the parties have filed the subpoena to which Doe objects. To the extent the present motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must deny such request without prejudice. Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added). *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (citations omitted).

    Second, Doe has failed to comply with Fed. R. Civ. P. 11(a), which states in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number.

The Court acknowledges Doe's request to proceed anonymously, as revealing his identity may effectively moot the motion to quash. At the same time, the logistics of litigation necessitate that a movant disclose his contact information to the Court. *See* D.C. Colo. LCivR 10.1K. Therefore, if Doe wishes to re-file his motion(s) in accordance with this order and all applicable local and federal court rules, he must first (or contemporaneously) file a motion to proceed anonymously and

provide to the Court his name, address, telephone number and email address in accordance with Rule 11(a) and D.C. Colo. LCivR 10.1K. If Doe wishes to keep his identifying information confidential, he may file his Signature Block separately, and may request that the document be maintained under Restriction Level 2 pursuant to the procedure set forth in D.C. Colo. LCivR 7.2. The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

On the topic of anonymity, the Court observes a substantive inconsistency within Doe's motion. Doe represents to the Court that he wishes to proceed anonymously for fear of being "singled out by Plaintiff for selective prosecution." (Docket #10 at 2.) In the same motion, however, Doe contends that joinder is improper and that Plaintiff should proceed against each defendant individually. Doe's request to sever is also puzzling because it is unclear from the motion whether Doe is the first Doe Defendant named in the Complaint. In the event he is, severance of the remaining 65 Doe Defendants would not affect Plaintiff's pursuit of its claims against Doe in this action. In either case, severance achieves the very result that Doe has expressed a desire to avoid.

With respect to remainder of the motion, due to its varied requests for relief, adjudication will likely require different standards of review and legal analyses of both dispositive and non-dispositive issues. In the interests of judicial efficiency and the proper management of its docket, the Court instructs Doe to file his requests for relief each in separate motions, as applicable. *See* D.C. Colo. LCivR 7.1C ("A motion shall be made in a separate paper.")