**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2013 JUL 10 PM 2: 11

OFFICE OF ... WELL
CLERK

BY_____DEP. CLK

Civil Action No. 13-cv-00433-WYD-MEH

R&D FILM 1, LLC,

      Plaintiff,

v.

JOHN DOES 1-66,

      Defendants.

---

## JOHN DOE 44'S MOTION TO QUASH SUBPOENA

---

COMES NOW John Doe 44 ("Movant") and respectfully submits this Motion to Quash Subpoena based on information provided by Movant's Internet Service Provider ("ISP"), Comcast.

### FACTUAL BACKGROUND

1. On March 12, 2013, this Court issued an Order permitting Plaintiff to serve a Rule 45 subpoena on each Defendant's internet service provider seeking personally identifying information about each Defendant, including Defendant's name, physical address, telephone numbers, and email address associated with each Defendant's IP address.

2. On June 17, 2013, Movant's ISP, Comcast was served with a subpoena issued from this Court and served in Denver, Colorado, that demanded Comcast to produce to Plaintiff at Plaintiff's counsel's office in Denver, Colorado, the personally identifying information regarding Movant in connection with Plaintiff's claim that Movant allegedly unlawfully downloaded a film allegedly owned by Plaintiffs.

3.  Comcast provided written notice to Movant on June 27, 2013 via UPS and USPS delivery.

4.  Comcast's June 27, 2013 letter stated that Comcast would provide the requested information to Plaintiff by July 12, 2013. Comcast's letter further advised Movant that if Movant had any objections to the subpoena, Movant needed to file those objections with the Court by July 12, 2013.

## INTRODUCTION

The present case is one of several efforts by certain media organizations to establish a business model that relies on questionable allegations of copyright infringement against a large number of individuals to generate substantial profits by extracting settlements from thousands of identified Defendants. Federal Courts have expressed skepticism toward this business model, "Plaintiffs who file cases with extremely weak infringement positions in order to settle for less than the cost of defense and have no intention of taking a case to trial. Such a practice is an abuse of the judicial system and threatens the integrity of and respect for the courts." Mem. Op. and Order at 5, *Raylon, L.L.C. v. E.Z. Tag Corp.*, No. 6:09-cv-00357 (E.D. Tex. Mar. 9, 2011), Dkt. 115.

Based on the extraordinarily large number of analogous cases, treated in the same or similar manner by Plaintiffs, it appears that such mass copyright litigation lawsuits are a means "to identify hundreds of Doe Defendants through pre-service discovery," then, regardless of any consideration of guilt or innocence seek to coerce largely contingent-fee settlements, sometimes through harassing letters and direct phone calls with no real intent to actually litigate such claims. This for-profit business model becomes more obvious when one considers the number of

Defendants claimed in such action versus the astonishingly low number of actions actually commenced.[1]

Plaintiff seeks to take advantage of the threat of an award of statutory damages, attorney's fees, and ignorance of copyright laws to extract quick and profitable settlements. This Court has specifically and directly condemned for-profit copyright litigation models against individuals. *Righthaven, L.L.C. v., Hill,* No. 1:11-cv-00211 (D. Colo. Apr. 7, 2011) (J. Kane), Dkt. 16 ("Plaintiff's wishes to the contrary, the courts are not merely tools for encouraging and exacting settlements from Defendants cowed by the potential costs of litigation and liability.") While Plaintiff does not rely on the same business model at the Righthaven model, Plaintiff does seek to exact settlements from numerous Defendants sued in a John Doe capacity in an amount to which mounting a defense in Court is less economically efficient than settling out of court.

In light of the aforementioned authority, in its following argument, Movant requests that the Court quash Plaintiff's subpoena and dismiss John Doe 44 from this lawsuit.

## LEGAL STANDARDS

### 1. AUTHORITY TO QUASH SUBPOENAS

Pursuant to Rule 45(c)(3), a Court must modify or quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to an undue burden." A Court may modify or quash a subpoena that, inter alia, requires disclosing confidential information.

---

[1] As of March, 2011, more than 136,000 Does claimed as Defendants in such actions, however, the number of actual copyright infringement actions commenced was less than 100. Wired Magazine's online spreadsheet prepared from existing court data: http://www.wired.com/imges_blogs/threatlevel/2011/03/spreadsheet-fslit-current-v-1.2.01.xls

Moreover, Fed. R. Civ. Pro Rule 26(c)(1), instructs the Court to limit the frequency or

extent of discovery otherwise allowed by the Rules, or by local rule, if it determines that… "the

burden or expense of the proposed discovery outweighs the likely benefit, considering the needs

of the case, the amount in controversy, the parties' resources, the importance of the issues at

stake in the action, and the importance of discovery in resolving the issues."

## 2. STANDING

A party has standing to challenge a subpoena issued to a third party when the party has a

personal or proprietary interest in the information sought by the subpoena. See *Washington v.*

*Thurgood Marshall Acad.,* 230 F.R.D. 18, 21 (Dist. D.C., 2005). Here, because the subpoena

issued to Comcast seeks Movant's personally identifying information; Movant undoubtedly has a

"personal interest" in the information sought by the subpoena. Further, if Movant's name is

turned over by Comcast, Plaintiff, as part of their business model will quickly seek several

settlements that amount to thousands of dollars each, with no serious intention of naming any

Defendants. If an identified Doe has a "personal or proprietary interest" sufficient to pay several

thousand dollars under the threat of litigation and public exposure, certainly Movant has a

"personal or proprietary interest" sufficient to object to that disclosure. Accordingly, Movant

has standing to challenge the subpoena.

### A. Plaintiff's Subpoena Must be Quashed on the Basis of the  Lack or Reliability Relating to IP Address and MAC Address Tracking Technology

Plaintiff's subpoena must be quashed because the technology used to identify individual

Defendants for the alleged copyright infringement is unreliable and is insufficient to show a

volitional act of copyright infringement. Specifically, there is not only software available that is

capable of impersonating and/or falsifying an IP address, but such software is unreliable because

the software does not also identify the associated computer's MAC address at the time.  An IP address can name an entire network of computers, so without the MAC address, an IP address alone is not sufficient to identify an individual accused of copyright infringement.  Further, most IP's do not store MAC address data, nor do they have the ability to detect falsified or altered MAC addresses.  Because the technology used by Plaintiff to identify the various John Doe Defendants is highly unreliable, Plaintiff is incapable of accurately identifying the proper individuals who downloaded the infringing material, and from where the material was actually downloaded.  Because IP addresses are the only evidence Plaintiff has to identify Doe Defendants, Plaintiff's subpoena is unreliable on its face and should be quashed by the Court given the evidence Plaintiff has provided thus far.

Moreover, to prove a claim for infringement, a Plaintiff must demonstrate that the Defendant copied the protected work.  *Kelly v. Ariba Soft Corp.,* 336F.3d 811, 817 (9th Cir. 2003) ("the Plaintiff must show ownership of the copyright and copying by the Defendant"), and that the copying was a result of a volitional act.  *See Religious Tech Ctr. V. Netcom On-Line Commn'n Servs., Inc.,* 907 F. Supp 1361, 1369-1370 (N.D. Cal. 1995).  However, Plaintiff's allegations are highly suspect and do not, and cannot account for numerous issues, including unsecured wireless networks, fraudulently broadcasted IP addresses, computer hacking, and more.  Courts again have touched on this simple yet very logical assertion, that an IP address does not necessarily constitute a copyright infringer.  Again, the VPR Court correctly identified this factual and legal point, observing that:

> "[Plaintiff] ignores the fact that IP subscribers are not necessarily copyright infringers.  Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography.  The identity and location of the subscriber were provided by the ISP.  The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid.

Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections (including a secure connection from the State University New York)." VPR *Interntionale v. Does 1-1,017,* No. 2:11-cv-02068, (C.D. Ill. Apr. 29, 2011), Dkt. 15, 2011 U.S. Dist. LEXIS 64656, at 3-4.

Based on the technological ease with which innocent individuals can be so easily falsely identified, the information in the subpoena should be viewed with skepticism. For example, when a neighbor, unbeknownst to the subscriber, enables a Bit Torrent client downloading copyrighted material either remotely on the user's computer or through an open wireless internet connection on the users' network a subscriber can unknowingly be identified and caught up in the dragnet.

The Court must quash the present subpoena against John Doe 44 to prevent Movant from suffering unwarranted annoyance, embarrassment and an undue burden. Fed. R. Civ. Pro. 45(c)(3)(A)(iv). Presently, Plaintiff requires Movant's confidential personally identifying information from Movant's ISP so that Plaintiff can harass Movant into coercing a quick and profitable settlement under the guise of publicly outing Movant regarding an accusation of an unlawful download.

Plaintiff's subpoena is intended to cause an undue annoyance, embarrassment, and hardship to Movant, and the same would result if Movant's personally identifying information were associated without sufficient evidentiary support regarding an accusation of an unlawful download. However, by quashing Plaintiff's subpoena, the Court can prevent the injustice of having Movant unjustly harmed and embarrassed by questionable and premature accusations of illegally downloading copyrighted material. Given the present facts, the subpoena should be quashed.

## CONCLUSION

WHEREFORE, Movant respectfully requests that the Court enter an Order quashing the June 17, 2013 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action issued to Comcast as applied to John Doe 44.

### Certificate of Compliance with D.C. Colo. L. Civ. R. 7.1

Pursuant to D.C. Colo. L. Civ. R. 7.1(A), Movant has attempted to contact Plaintiff's counsel concerning the relief Movant seeks herein. Plaintiff's counsel was unavailable and has not as of yet returned Movant's phone call.

**DATED:** July 8, 2013

By: _John Doe 44_
John Doe 44
Pro Se

**John Doe 44 is filing the Signature Block separately, and is respectfully requesting the document be maintained under Restriction Level 2 pursuant to the procedure set forth in D.C. Colo. LCivR 7.2.**

### CERTIFICATE OF SERVICE

I hereby certify that on the _10_ day of July, 3013 a true and correct copy of the foregoing was provided to Scott Kannady, BROWN & KANNADY, LLC at 2000 S. Colorado Blvd., Ste. 2-610, Denver, CO 80222 via:

_7/10/13_ Overnight Courier
_____ First Class Mail
_____ Certified Mail
_____ Hand Delivery

By: _John Doe 44_
John Doe 44
Pro Se