IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00433-WYD-MEH

R&D FILM 1, LLC,

    Plaintiff,

v.

JOHN DOES 1-66,

    Defendants.

## ORDER ON MOTION TO QUASH

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is John Doe 44's Amended Motion to Quash [filed July 18, 2013; docket #29] filed by Defendant Doe #44 (hereinafter "Doe #44"). The matter is referred to this Court for disposition. (Docket #29.) Oral argument would not materially assist the Court in its adjudication of the motion. For the reasons set forth below and based on the record herein, Doe #44's motion is **DENIED**.

**I.**     **Background**

    A.     Factual Allegations

    In this case, Plaintiff alleges that the Doe Defendants, identified only by their Internet Protocol ("IP") addresses, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected motion picture. Specifically, Plaintiff alleges that its computer investigator downloaded Plaintiff's film, *The Divide*, from each of the IP addresses provided with the Complaint. Exhibit A to the Complaint reflects a list of sixty-six IP addresses and, for each address, the hit dates and times ranging from

November 7, 2012, to February 6, 2013, the locations of each address in Colorado, and the Internet Service Provider ("ISP") for each address. (*See* docket #1-1.)

      B.      <u>Procedural History</u>

Based upon these facts, Plaintiff initiated this action on February 19, 2013, against sixty-six Doe Defendants. In an effort to identify the alleged infringers, Plaintiff requested permission to serve limited, immediate discovery on the Doe Defendants' ISPs prior to the Rule 26(f) conference. (Docket #2.) Magistrate Judge Mix determined that Plaintiff had shown good cause for limited expedited discovery, and granted Plaintiff's motion, accordingly. (Docket #9.) In particular, Magistrate Judge Mix authorized Plaintiff to serve third-party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs requiring the production of the true names, addresses, telephone numbers, and email addresses associated with each Defendant's IP address. With each subpoena, Magistrate Judge Mix also directed Plaintiff to serve a copy of her order. Finally, Magistrate Judge Mix emphasized that Plaintiff was only permitted to use the information disclosed in response to the subpoenas for the purpose of protecting its rights as set forth in its Complaint.

On July 10, 2013, Doe #44 filed a motion to quash the subpoena and a motion to proceed anonymously. (Dockets ##22,23.) The Court denied the motion to quash without prejudice on several grounds and granted the motion to proceed anonymously for the limited purpose of permitting Doe #44 to challenge the underlying subpoena through a renewed motion to quash filed no later than July 19, 2013. (Docket #27.) Doe #44 filed the pending Motion to Quash on July 18, 2013.

**II.**      **Discussion**

Fed. R. Civ. P. 45(c)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails

to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. No other grounds are listed.

In this district, a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy issue is implicated. *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("[a]bsent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum"); *see also Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993). Other courts in the Tenth Circuit have held that a party has standing to challenge a subpoena served on a third party only on the basis of privilege, personal interest, or proprietary interest. *Howard v. Segway, Inc.*, No. 11-CV-688-GFK-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18 (D.D.C. 2005)). Objections unrelated to a claim of privilege or privacy interests are not proper bases upon which a party may quash a subpoena. *Windsor*, 175 F.R.D. at 668; *see also Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of New York*, 519 F. Supp. 668, 680 (D.C. Del. 1981) (movant lacks standing to raise objections unrelated to any right of privilege). Thus, even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden. *Howard*, 2012 WL 2923230, at *2 ; *see also Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383, at *8 (E.D. Pa. July 30, 2012) (noting that a defendant seeking to quash a subpoena on an internet service provider "is not faced with an undue burden because the subpoena is directed at the internet service provider and not the [d]efendant.").

This Court agrees with those courts finding that internet subscribers do not have an

expectation of privacy in the identifying information they conveyed to their ISPs. *See AF Holdings, LLC v. Does 1–162*, No. 11-23036-Civ, 2012 WL 488217, at *4 (S.D. Fla. Feb.14, 2012); *First Time Videos, LLC v. Does 1–18*, No. 4:11-cv-69-SEB-WGH, 2011 WL 4079177, at *1 (S.D. Ind. Sept.13, 2011). Doe #44 asserts a "personal or proprietary interest" in his identifying information based upon Plaintiff's alleged ability to settle with other Defendants for thousands of dollars. However, this argument mistakenly conflates a party's general interest in avoiding litigation through the payment of settlement monies with the sort of "personal or proprietary" interest contemplated in the standing inquiry. *See Pub. Serv. Co. of Okla. v. A Plus, Inc.*, No. CIV-10-651-D, 2011 WL 619204, at *3 (W.D. Okla. Feb. 15, 2011) (collecting cases).

Though not asserted here directly, this Court has previously recognized that a defendant's First Amendment right to anonymous file sharing may be sufficient to challenge a motion to quash. *See Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 174.51.234.104*, No. 13-cv-00307-WYD-MEH, 2013 WL 375346, at *3 (D. Colo. July 14, 2013). Given Doe #44's status as a *pro se* litigant, the Court will construe his argument broadly to include such an interest. Again, the Court will assume without finding that this interest, though thin, permits the Court to reach the merits of the pending Motion.[1]  *See id*.

Doe #44 asks the Court to quash the subpoena based upon Plaintiff's alleged settlement tactics and Plaintiff's inability to prove copyright infringement simply from the information sought through the subpoena. The Court has considered both arguments before and reiterates its findings

---

[1]Because Doe #44 has not presented any argument regarding the First Amendment, the Court will not analyze the issue further.  However, in very similar actions, the Court has held that a plaintiff's right to discovery outweighs a defendant's comparatively minimal First Amendment right to share his or her electronic files anonymously.  *See Malibu Media, LLC*, 2013 WL 375346, at *5.

as follows.

With regard to Plaintiff's alleged settlement tactics, this Court has noted that plaintiffs in these actions "may be understandably and even reasonably skeptical of a defendant's assertion of innocence." *See Malibu Media, LLC v. Maness*, No. 12-cv-01873-RBJ-MEH, 2012 WL 7848837, at *6 (D. Colo. Dec. 4, 2012). Even if there is no ultimate liability, "[a] [p]laintiff has a constitutional right to file a lawsuit and engage in discovery to determine whether a defendant or someone using a defendant's IP address infringed on its protected works" provided the plaintiff has a good-faith basis under Rule 11 for bringing suit. *Id.* Similarly, plaintiffs in these cases share the same right as all litigants to settle or dismiss their claims before engaging in discovery and prior to the filing of any dispositive motions. *Id.*

Aside from Plaintiff's right to vindicate its claims through a federal lawsuit and ultimately reach a settlement, Rule 45 does not contemplate quashing a subpoena on the basis of a party's litigation strategy. Equally outside its scope is a party's concern that being named as defendant in a federal lawsuit may injure his or her reputation. Indeed, "it is a rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove." *Malibu Media, LLC*, 2012 WL 3089383, at *9 (citations and quotations omitted) (declining to quash a subpoena on the basis of a defendant's embarrassment over the pornographic content of the work allegedly infringed). Thus, the Court declines to quash the subpoena based on the litigation tactics alleged in the Motion.

Doe #44's second argument is also unavailing. Plaintiff's attempt to obtain information from the ISP is a necessary first step in Plaintiff's process of discovering the identities of the alleged infringers for the purpose of enforcing its copyright. The fact that the information Plaintiff seeks will not conclusively establish liability does not persuade the Court that it should be quashed. To

hold otherwise would impose a standard inconsistent with the Federal Rules of Civil Procedure. Thus, the Court will not quash the subpoena based upon the alleged attenuation between Doe #44's possible participation in a swarm and actual copyright infringement.

### III.     Conclusion

For the reasons stated above, the Court finds that Doe #44 has not demonstrated that the subpoena should be quashed.  Therefore, John Doe 44's Amended Motion to Quash [filed July 18, 2013; docket #29] is **DENIED**.

Dated at Denver, Colorado, this 12th day of August, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge